UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JAMES DOBBS, | ) |
| Petitioner, | ) |
| v. | ) No. 4:19-cv-00115-TWP-DML |
| WARDEN, | ) |
| Respondent. | ) |

**Order Granting Petitioner's Motion to Correct Error**

On January 10, 2020, the Court denied Petitioner James Dobbs' petition for a writ of habeas corpus as untimely and dismissed the action with prejudice. Mr. Dobbs subsequently filed a motion to correct error, arguing he filed his petition for post-conviction relief before the statute of limitations ran. For the following reasons, Mr. Dobb's motion to correct error, dkt. [18], is **granted** to the extent that the final judgment shall be amended to show the action is dismissed *without* prejudice.

**Background**

Mr. Dobbs is serving concurrent 40-year sentences, with five years suspended to probation, for Class A felony dealing in cocaine under cause number 69C01-0708-FA-000003 ("FA-3") and Class A felony dealing in cocaine and Class A felony conspiracy to deal in cocaine under cause number 69C01-0712-FA-000004 ("FA-4") based on convictions from the Ripley County Circuit Court. Dkts. 9-1 at 7, 9-4 at 6. Mr. Dobbs' habeas petition challenges only his conviction under cause FA-3. Dkt. 7.

Mr. Dobbs' FA-3 conviction became final on October 14, 2009, the date on which the time to seek a petition for writ of certiorari in the United States Supreme Court expired. *See Gonzalez*

*v. Thaler*, 132 S. Ct. 641, 653-54 (2012) ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires."). Therefore, Mr. Dobbs had through October 14, 2010, to seek federal habeas relief or to file for post-conviction relief in state court to pause the habeas clock.

The Court denied Mr. Dobbs' habeas petition as time-barred. Dkt. 16. This was based on the Court's conclusion that Mr. Dobbs had filed his petition for post-conviction relief challenging FA-3 in the Ripley Circuit Court on April 25, 2013, in state court case 69C01-1304-PC-000001 (PC-1), long after the one-year deadline for filing a habeas petition had passed. Although Mr. Dobbs argued in response to the respondent's motion to dismiss that he had filed a petition for post-conviction relief in January 2010, he provided no documentation to support his claim that the petition challenged his conviction in FA-3. The Court took judicial notice of the chronological case summary (CCS) of state court case 69C01-1001-PC-0000002 (PC-2). The CCS indicated that a petition was filed in the Ripley Circuit Court on January 25, 2010, but that it challenged Mr. Dobbs' conviction in FA-4. Dkt. 20-1 at 1. Based on that information, the Court concluded that Mr. Dobbs had not timely filed a post-conviction petition that tolled the statute of limitations for FA-3.

Mr. Dobbs filed a motion to correct error, dkt. [18], which the Court considers a motion to alter or amend judgment under Rule 59(e). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013).

In support of his motion to correct error, Mr. Dobbs provided a copy of his petition for post-conviction relief that was signed on January 19, 2010. Dkt. 18-1 at 10-11. The petition, as Mr. Dobbs had previously argued, challenged the conviction in FA-3. *Id.* at 2. This was confirmed by the respondent, who obtained copies of Mr. Dobbs' petitions for post-conviction relief from the Ripley County prosecutor. Dkt. 20-2. The CCS for PC-2 incorrectly indicates that Mr. Dobbs' petition related to the FA-4 convictions. *Id.* Mr. Dobbs' PC-2 petition (filed January 25, 2010) and his PC-1 petition (filed April 25, 2013) are nearly identically and both raise an ineffective assistance of counsel claim with respect to Mr. Dobbs' FA-3 conviction. Dkts. 20-2 and 20-3.

## Discussion

The evidence before the Court leads it to conclude two things: 1) Mr. Dobbs properly filed a petition for post-conviction relief challenging FA-3 in January 2010, and 2) Mr. Dobbs has not exhausted his state-court remedies.

A procedural summary of Mr. Dobbs' post-conviction cases is helpful to understand the unusual circumstances at hand. Mr. Dobbs' PC-2 petition was filed on January 25, 2010. Dkt 20-1. That day, the trial court appointed the State Public Defender's Office to represent Mr. Dobbs. *Id.* The public defender filed a notice of present inability to proceed and motion to stay proceedings on February 8, 2010, which was granted the next day. *Id.* There was no further activity on the case except for one entry on March 18, 2015, stating "Letter returned for James Dobbs. Not deliverable as addressed," and another entry on September 21, 2017, stating "Letter mailed to clerk was empty." *Id.* at 2. The CCS shows that the case remains pending, and that Mr. Dobbs is still represented by an attorney at the State Public Defender. *Id.* at 1.

Mr. Dobbs' PC-1 petition was filed on May 14, 2013. Dkt. 9-2 at 1. Again, the State Public Defender was appointed to represent Mr. Dobbs, and a different public defender filed a notice of

present inability to investigate. *Id.* The public defender withdrew her appearance on January 28, 2015. *Id.* at 2. Mr. Dobbs then filed several motions for extensions of time. *Id.* at 2-4. The trial court held a post-conviction hearing on February 14, 2018. Dkt. 9-2 at 4. On June 18, 2018, the post-conviction court issued an order denying Mr. Dobbs' proposed findings of fact and conclusions of law, stating "said Motion is untimely, cannot be considered, and should be denied." Dkt. 9-5. The court's order does not indicate that his *petition* was denied, merely that it would not consider Mr. Dobb's proposed findings. *See also* Ind. P-C. R. 1(6) (The court shall make specific findings of fact, and conclusions of law on all issues presented."). The court has taken no action since then, and the chronological case summary for the post-conviction case reflects that his post-conviction case is pending. Dkt. 9-3 at 1.

The respondent argues that Mr. Dobbs' dormant, duplicative PC-2 petition cannot be considered properly filed as to toll the statute of limitations. It relies on *Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005), which held that an unauthorized successive petition that is not considered properly filed under Indiana law does not extend the one-year limit under § 2244(d)(2). Under Indiana Post Conviction Rule 1, Section 12(a) and (b), a petitioner "may request a second, or successive" petition for post-conviction relief by filling out a form and submitting it to the Indiana Court of Appeals, which decides whether to authorize the petition based on whether the petitioner has established a reasonable possibility that he is entitled to post-conviction relief. But Mr. Dobb's PC-2 petition was not a successive petition; it was his first. Nothing in the PC-2 CCS indicates that the trial court dismissed the action as being improperly filed. It simply appears to have fallen through the cracks. And history unfortunately has repeated itself, as Mr. Dobbs' PC-1 petition has now been dormant for nearly two years without a dispositive ruling from the trial court.

Accordingly, the Court finds that Mr. Dobbs' habeas petition should not have been dismissed with prejudice as untimely. The Court's order was based on a mistake of fact due to an error on the PC-2 CCS (stating the petition challenged FA-4). However, Mr. Dobbs has not yet exhausted his state court remedies because his two post-conviction cases remain pending. "To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted). As it is clear that Mr. Dobbs has not exhausted his state court remedies, his petition is **dismissed without prejudice**, which means that he may refile his petition after completing his post-conviction review in state court.

## Conclusion

Mr. Dobbs' motion to correct error, dkt. [18], is **granted** to the extent that the Court finds his petition is not time-barred. However, because Mr. Dobbs has not exhausted his state court remedies, his petition is **dismissed without prejudice**. An amended final judgment shall now issue.

IT IS SO ORDERED.

Date: 4/6/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES DOBBS
191496
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Caryn Nieman Szyper
INDIANA ATTORNEY GENERAL
caryn.szyper@atg.in.gov